**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                            Case No.: 8:22-cr-123-WFJ-TGW

MELINDA SUE HERNANDEZ
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Melinda Sue Hernandez, USM#: 93833-509, moves (Dkt. 149) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On September 26, 2022, Melinda Sue Hernandez was sentenced under 18 U.S.C. §§ 371, 1342, 1028A to 42 months (comprised of an 18-month term as to Count One and a consecutive 24-month term as to Count Eight). Melinda Sue Hernandez's total offense level was 21. She was assessed no criminal history points, and her criminal history was category I.  Ms. Hernandez's advisory sentencing range was 37-46 months, and she received a sentence well below the bottom of the advisory range.  She was granted a six-level downward departure

based on substantial assistance (5k1.1).  The Bureau of Prisons reports that her projected release is April 26, 2025.[1]

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Melinda Sue Hernandez is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 19 and reduces her advisory sentencing range to 30-37.  The Federal Defender appears, confirms Melinda Sue Hernandez's eligibility for a reduction, and moves unopposed to reduce her sentence to 36 months total (a 6-month overall reduction in sentence).  Specifically, a sentence of 12 months, as opposed to 18 months, is sought for Count One.  The mandatory consecutive 24-month sentence on Count Eight remains.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and the Court finds those factors militate against a reduction in sentence.

---

[1] The BOP website shows her release date is December 12, 2024.  *See* https://www.bop.gov/inmateloc/ (last checked 10/30/2024).

First, this Defendant already received a six-level downward departure for substantial assistance (5k1.1).  Second, the conspiracy and aggravated identity theft took advantage of the Families First Coronavirus Act and the Coronavirus Aid, Relief, and Economic Security (CARES) Act.  This Defendant used her position as a medical assistant at a hospital to gain access to an electronic patient chart database containing personal identifying information.  She and her co-defendant conspired to obtain and use the personal information of others, which her co-defendant then fraudulently submitted to state workforce agencies to collect unemployment insurance benefits.  This Defendant further provided her co-defendant with her neighbors' addresses to enable the award letters and debit cards to be mailed and intercepted by herself and her co-defendant.  The amount totaled over $1 million.

The Court finds that the sentencing factors in 18 U.S.C. § 3553(a) require this motion to be denied.  The current sentence is in line with those factors, specifically and properly reflecting the "nature and circumstances of the offense" after input and consideration of the present motion, and also after the detailed input and the parties', USPO's, and judicial careful labor at the time of sentencing.  *See id.* at (a)(1) (consideration of nature and circumstances of the offense).  To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (2)(A).  The sentences courts impose (and

the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction.

Melinda Sue Hernandez's Second Amended Motion for Sentence Reduction under Amendment 821 (Dkt. 149) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 31, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE